IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| V. | : | CRIMINAL NUMBER 25-165-1 |
| | : | |
| GUILLERMO A. LOPEZ-RAMIREZ | : | |

### DEFENDANT'S SENTENCING MEMORANDUM

Guillermo Armando Lopez-Ramirez submits this brief sentencing memorandum for the Court's consideration at sentencing. Mr. Lopez-Ramirez was arrested on March 25, 2024, on his way to attend court for an open case. The advisory sentencing guideline range in this case calls for zero to six months' incarceration. With three months already served, a sentence of time served is warranted pursuant to the plea agreement, as well as upon consideration of the 18 U.S.C. § 3553(a) factors and *United States v. Booker*, 543 U.S. 220 (2005).

**I.      Mr. Lopez-Ramirez's Personal History and Background**

Mr. Lopez-Ramirez was born in rural Guatemala in 1991. He was raised by his mother and stepfather, who still reside in their hometown of Jocotán. His father was killed in an accident in 2024. Mr. Lopez-Ramirez was raised with four maternal half siblings. The family struggled to support itself, surviving off minimal food and living in small, rented homes with no running water or electricity. Despite the poverty, the family was close and there was no abuse.

Like many in rural Guatemala, Mr. Lopez-Ramirez left school at a very young age to work and help support his family. He earned money by tending cattle and later worked retail. In his early twenties, he decided to come to the United States to support his family. And he did just that. Once in the United States, he worked in construction and restaurants, faithfully sending

money home to support his children and wife.  Mr. Lopez-Ramirez has been married for twelve years and has three children ages seven, eight, and eleven.  His wife and children live in Guatemala, and he intends to live with them upon his return.

## II.     Application of the 18 U.S.C. § 3553(a) Factors

By the date of sentencing, Mr. Lopez-Ramirez will have been in custody nearly three months.  A sentence of time served is squarely within the guidelines range, making it presumptively reasonable.  Furthermore, a sentence of time-served meets the statutory objectives of 18 U.S.C. § 3553(a) and is within the confines of the plea agreement between the government and defense.

The defense recognizes that any violation of federal law is a serious offense.  But unlike many other offenses, the crime of illegal reentry is often deeply intertwined with complicated socioeconomic and political issues.  Mr. Lopez-Ramirez fully understands that future attempts to reenter the United States without permission will subject him to further incarceration.  A conviction for a future violation of 8 U.S.C. § 1326 will result in a much greater guideline range, which is a risk Mr. Lopez-Ramirez is not willing to take.[1]  The defense respectfully submits that reality of future incarceration serves a greater deterrence than additional months in prison on the current sentence.  And while employment in Guatemala may be less lucrative than in the United States, Mr. Lopez-Ramirez already has some leads.

---

[1] Under U.S.S.G. § 2L1.2, in a future prosecution for violating 8 U.S.C. § 1326, Mr. Lopez-Ramirez will receive a four-level upward adjustment due to his conviction in this case, making his offense level 12.  U.S.S.G. § 2L1.2(b)(1)(A).  With a criminal history category of II, the guideline range for a future prosecution would be 12 to 18 months.

This Court must decide whether any 18 U.S.C. § 3553(a) factors will be met by sentencing Mr. Lopez-Ramirez to additional time – at a cost of over $3000 per month. PSR ¶ 59. The defense submits that subjecting him to further incarceration will not deter him more than the last three months have; and it will not serve to protect the public from future crimes as he will be deported upon completion of his sentence. Furthermore, there are no medical or educational considerations for this Court when fashioning an appropriate sentence. Any sentence above time-served will not provide enough time for the Bureau of Prisons to designate and transfer Mr. Lopez-Ramirez to a facility to receive any such training or education.[2]

### III.     Conclusion

For the reasons cited herein, and any which may become available at the time of sentencing, Mr. Lopez-Ramirez respectfully requests a sentence of time served.

Respectfully submitted,

*/s/ Nancy MacEoin*
NANCY MacEOIN
Assistant Federal Defender
Chief, Trial Unit

---

[2] In addition to timing consideration, it is highly unlikely that Mr. Lopez-Ramirez would be afforded vocational or educational opportunities due to his status as a deportable alien. The presence of an immigration detainer will limit access to programs available to similarly situated United States citizens, including literary and English as a Second Language programs, as similarly situated United States citizens. 28 C.F.R. § 544.51(b) ("Generally, inmates under orders of deportation, exclusion, or removal may participate in an institution's occupational education program if Bureau resources permit after meeting the needs of other eligible inmates"); 28 C.F.R. § 544.41(a)(3). In essence, Mr. Lopez-Ramirez will only be permitted to participate in educational and occupational programs after all eligible United States citizen inmates are enrolled.

## CERTIFICATE OF SERVICE

I, Nancy MacEoin, Assistant Federal Defender, Chief, Trial Unit, Federal Community Defender Office for the Eastern District of Pennsylvania, hereby certify that I filed the attached Defendant's Sentencing Memorandum, via the Court's Electronic Filing (ECF) system, which sent notification to Rosalynda M. Michetti, Assistant United States Attorney, office located at 615 Chestnut Street, Suite 1250, Philadelphia, Pennsylvania 19106, via her email address Rosalynda.Michetti@usdoj.gov.

*/s/ Nancy MacEoin*
NANCY MacEOIN
Assistant Federal Defender
Chief, Trial Unit

DATE:  June 10, 2025